**Walter Mario PICCIRILLO et al., Petitioners,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 74–1914.

United States Court of Appeals, Ninth Circuit.

March 12, 1975.

Seward H. French, Idaho Falls, Idaho, for petitioners.

James L. Browning, Jr., U. S. Atty., Henry Petersen, Asst. U. S. Atty., Bernard Hornbach, I&NS, Joseph Surreck, Regional Counsel, I&NS, John L. Murphy, Chief, Dept. of Justice, John Reddy, District Director, I&NS, Richard I. Chaifetz, Dept. of Justice, San Francisco, Cal., for respondent.

Before MERRILL, CARTER and CHOY, Circuit Judges.

## OPINION

PER CURIAM:

The Piccirillo family petition this court for review of the refusal by the Board of Immigration Appeals (the Board) to reconsider the dismissal of their appeal from a Special Inquiry Officer's (S.I.O.'s) denial of their motion to reopen deporta-

tion proceedings affecting them. We reverse.

Petitioners are citizens of Uruguay who entered this country at Miami, Florida on May 28, 1968. They failed to depart within the time allowed them as visitors. Instead they settled in Idaho Falls, Idaho.

A deportation hearing duly held on February 19, 1969, at which the Piccirillos were present and represented by counsel, resulted in an order for their deportation to Uruguay. They took no appeal from the order.

Due to a private bill having been introduced in Congress to enable petitioners to remain here, deportation was stayed. But in February, 1972, action on the bill was deferred to permit the Piccirillos to apply for withholding of deportation under § 243(h) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h).[1]

Meanwhile on November 28, 1971, Piccirillo wrote a letter to the District Director of the Immigration and Naturalization Service at Helena, Montana, requesting the forms to use to apply for § 243(h) relief and enclosing $25 for the forms. The letter, which was sent without the knowledge of petitioners' counsel, alleged bodily attacks on and threats to Piccirillo and threats to his family while they were in Uruguay by the Tupamaros, a leftist political faction opposing the established government. The District Director made no reply to Piccirillo's letter; instead, he transmitted it to the S.I.O. for handling as a motion to reopen to apply for relief under § 243(h).

By letter dated March 13, 1972, petitioners' counsel asked the District Director for the procedure to apply for § 243(h) relief. On March 17, 1972 the District Director responded by mail saying that inquiries should be directed to the S.I.O. to whom Piccirillo's motion to reopen had been sent. Still unaware of Piccirillo's November 28, 1971 letter to the District Director and its treatment

---

1. The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to persecution on account of race, religion, or political opinion and for such period of time as he deems to be necessary for such reason.

by the latter as a motion to reopen, counsel on March 29, 1972 wrote to the S.I.O. again requesting advice on how to apply for suspension of deportation for the Piccirillos under § 243(h). The S.I.O. made no reply.

On May 2, 1972 the S.I.O. issued a decision finding that Piccirillo's "motion to reopen" was unsubstantiated by "any material facts to be proved at a reopened proceeding, nor does it contain affidavits or other evidentiary material supporting the position of the [Piccirillos] as required by 8 C.F.R. § 103.5 [2] and § 242.22 [3]". Concluding that, since the claims could have been made at the deportation hearing which had not been appealed, this was just another dilatory tactic, the motion to reopen was denied.

We have detailed the history of this case to illustrate its uncommon nature with the hope that an agency of the United States will not repeat the conduct of the agency concerned here. It would have required the exercise of but a modicum of common courtesy and consideration for the District Director or the S.I.O. to respond to the requests of Piccirillo and his counsel, persons obviously ignorant of immigration practice and procedure. Such response costing but little effort would have obviated the clear denial of due process presented here. We cannot condone the headstrong insistence of the agency that an alien's mere request for forms for a § 243(h) proceeding was a motion to reopen that was faulty and deficient for failure to comply with certain regulations applicable to motions to reopen—all after ignoring the requests of alien and

counsel thrice made for information on how to proceed under § 243(h).

It may well ensue that the Piccirillos' case on the merits will fail, but they must be afforded a fair chance at it.

Reversed and remanded.

2. In part, this section provides:
   "When the alien is the moving party, a motion to reopen . . . shall be filed in duplicate, accompanied by a supporting brief, if any, and the appropriate fee . . . . A motion to reopen shall state the facts to be proved at the reopened proceedings and shall be supported by affidavits or other evidentiary material."

3. In part, this section provides:
   "A motion to reopen will not be granted unless the special inquiry officer is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the hearing; . . . ."